UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Fire House Block Associates, LP

    v.                                                                 Civil No. 20-cv-1117-JD
                                                                         Opinion No. 2021 DNH 010
Weston Associates
Management Co., Inc., et al.

O R D E R

Fire House Block Associates, LP brought suit in state court, challenging actions taken by the defendants to gain control over the plaintiff. The defendants removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff now moves to remand the action to state court for lack of subject matter jurisdiction and seeks an award of costs and attorneys' fees. The defendants do not object to remand but do object to an award of costs and fees.

Discussion

The plaintiff contends, and the defendants do not dispute, that because the plaintiff has partners who are citizens of states where the defendants are also citizens, diversity of citizenship does not exist to support subject matter jurisdiction. The plaintiff seeks an award of costs and attorneys' fees under 28 U.S.C. § 1447(c), which provides for an

award of costs and fees incurred in removal, when appropriate. The defendants contend that an award of costs and fees under § 1447(c) is not appropriate because they misunderstood the rules of citizenship for a limited partnership and the plaintiff did not give them sufficient time to respond before filing the motion to remand.

The purpose of an award of costs and fees under § 1447(c) is to deter defendants from using the removal process to prolong litigation and to cause the plaintiff to incur additional and unnecessary expense. Martin v. Franklin Capital Corp., 546 U.S. 132, 138 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141. An objectively reasonable basis for seeking removal may be based on caselaw or facts that existed at the time of removal. Id. at 135 & 141; Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007) ("As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.").

The defendants state that, although they are represented by counsel, they "reasonably believed that limited partnerships behaved differently for diversity purposes than traditional partnerships and that the citizenship of limited passive partners was not considered under a diversity analysis." Objection, doc. no. 12, ¶ 1.  They do not cite a case or authority of any kind to support that theory.  Any research on the issue quickly would have provided the controlling rule that the citizenship of limited partnerships is determined based on the citizenship of its members.  See, e.g., Americold Realty Tr. V. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016); Carden v. Arkama Assocs., 494 U.S. 185, 192-95 (1990); D.B. Zwirn Special Opp. Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011); Stinson v. SimplexGrinnell LP, 152 F. App'x 8, 9 n.1 (1st Cir. 2005); Am. Fiber & Finishing, Inc. v. Tyco Healthcare Gr., LP, 362 F. 3d 136, 138 (1st Cir. 2004).

The defendants state that when they filed the notice of removal "they were moving at full haste" to act before the plaintiff served other defendants.  Doc. no. 12, at *2.  The defendants apparently believe that the limited time available excuses them from determining whether subject matter jurisdiction existed before filing the notice of removal.  Regardless of the hurry, the court expects counsel for the defendants to research legal issues when necessary.

In addition, the defendants argue that the plaintiff did not give them sufficient time to respond after notifying counsel that the plaintiff would file a motion to remand.  They represent that the plaintiff's counsel sent notice of the motion by email the night before the motion was filed, assuming that the defendants would not assent to remand.  Counsel for the plaintiff contends that because a motion to remand is dispositive, he was not required to provide notice before filing the motion.  The defendants have not shown that the courtesy notice provided weighs against an award of costs and fees.

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 11) is granted.

The plaintiff shall file a motion for an award of fees and costs supported by legal authority as may be necessary for specific requests and appropriate billing records **on or before January 25, 2021.**  The defendants shall file their response within fourteen days after the motion is filed.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

January 14, 2021

cc:  Counsel of record.