UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Fire House Block</u>
<u>Associates, LP</u>

   v.                                      Civil No. 20-cv-1117-JD
                                            Opinion No. 2021 DNH 041

<u>Weston Associates</u>
<u>Management Co., Inc. et al.</u>

O R D E R

Fire House Block Associates, LP ("FHB") brought suit in state court, alleging claims that arose from the parties' business dealings. The defendants removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332. FHB moved to remand on the ground that diversity of citizenship was lacking and sought an award of attorneys' fees. The defendants did not oppose remand but did object to an award of fees. The court granted the motion to remand and directed FHB to file a motion for an award of fees, with supporting documentation, which it has done.

The defendants now concede, as the court pointed out in the prior order, that any research on the issue of citizenship of limited partnerships would have shown that diversity jurisdiction was lacking in this case. They contend that they made an erroneous assumption, and when they recognized the mistake, they did not oppose the motion to remand. They object

to the motion for fees, however, on the grounds that the motion to remand was unnecessary and the fees requested are excessive.

    A.   Need for the Motion to Remand

Despite acknowledging their mistake, the defendants, who are represented by counsel, argue that the motion to remand was unnecessary because counsel for FHB should have informed the defendants' counsel of the controlling law.  It is undisputed that FHB's counsel notified the defendants' counsel that diversity of jurisdiction was lacking because of the citizenship of FHB's partners before the motion to remand was filed.  The defendants, therefore, had the opportunity to agree to remand, which would have obviated the need for the motion, but did not do so.[1]

Under these circumstances, the defendants have not shown that the motion to remand was unnecessary.[2]

---

[1] FHB also pointed out that the defendants filed their notice of removal without first communicating with FHB's counsel, which communication could have avoided the removal entirely.

[2] The defendants argue that the only reason that FHB filed this action was to win the race to the courthouse before the defendants filed suit against FHB's general partner in Massachusetts.  They state further that "the intention in removing this action to federal court was to allow the defendants to then seek to transfer the action to Massachusetts."  Doc. 16, at *5.  These matters do not appear to be relevant to the issue of attorneys' fees and do not provide support for the defendants' objection to the motion for an award of attorneys' fees.

2

B.  Amount of Fees

FHB seeks an award of attorneys' fees in the amount of $5,567.50 for 19.4 hours of work on the motion to remand and the reply to the defendants' objection.  Two attorneys worked on the matter, with hourly rates of $267 and $300.  In support, FHB cites Seacoast Motorcycles, Inc. v. Town of North Hampton, 2011 WL 1447734 (D.N.H. Apr. 14, 2011), where the court granted fees in the amount of $8,807.50 to the plaintiff for twenty-seven hours of work in drafting a motion to remand and a reply to the defendant's objection.

The defendants object to the amount of time spent on the remand issue but do not challenge the hourly rates.  They argue that the remand issue was less complex than in Seacoast, the motion to remand and reply required fewer pages, and the motion and reply did not require 19.4 hours of work.[3]  The defendants also argue that because an attorney from the FHB's counsel's firm represented a party in the Seacoast case, "[t]he firm consequently had access to all of the law and pleadings in that

---

[3] Defendants calculate that the plaintiff in Seacoast was awarded fees that amounted to $352.30 per page filed and suggest that the "blended" hourly rate sought by FHB of $300 multiplied by six pages in FHB's filings would yield $1,800.  The defendants' suggested calculation of a fee award based on the number of pages filed is not supported by any authority and is not part of the customary lodestar calculation used by the First Circuit.

action and did not need to reinvent the wheel in order to draft its pleadings." Doc. 16, at *3-*4. Stated differently, the defendants argue that FHB's counsel should have relied on work done ten years ago in a different case with different issues rather than spend time to address the issues presented here. FHB's counsel reasonably spent the time necessary to address the removal and remand issues in this case.

In awarding fees, the court uses the lodestar method and calculates the number of hours reasonably expended multiplied by a reasonable hourly rate. Dowling v. Saint-Gobain Performance Plastics Corp., 2018 WL 5617547, at *1 (D.N.H. Oct. 30, 2018). The time reasonably spent must exclude "excessive, redundant or otherwise unnecessary" hours. Id. In addition, the lodestar amount may be adjusted based on other relevant factors that were not included in the lodestar calculation. Gross v. Sun Life Assurance Co. of Canada, 880 F.3d 1, 22 (1st Cir. 2018).

FHB's counsel submitted copies of the billing records for work done on the removal and remand issues. The defendants do not object to specific billing entries but instead charge generally that counsel spent too much time on the remand issue. The court has reviewed the billing records and is satisfied that the time spent was reasonable.

Conclusion

For the foregoing reasons, the plaintiff's motion for an award of fees (document no. 15) is granted.

Counsel for the defendants shall pay the plaintiff $5,567.50, which cost shall not be passed on to the defendants.

The clerk of court shall remand the case to Merrimack County Superior Court.

SO ORDERED.

                                                    _____
                                                    Joseph A. DiClerico, Jr.
                                                    United States District Judge

February 24, 2021

cc:   Counsel of record.